O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 27 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MOORE, | Case No. EDCV 09-1720 RNB |
| Plaintiff, | |
| vs. | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR PAYMENT OF BENEFITS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint herein on September 17, 2009, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on April 22, 2010. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case will be made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

With respect to Disputed Issue No. 1,[2] plaintiff contends that the ALJ erred in disregarding the part of Dr. Puglisi's December 24, 2008 opinion that plaintiff's mental impairment(s) or treatment would cause her to be absent from work three days or more per month. (See Jt Stip at 3-5, 8; AR 1150.) In response to plaintiff's contentions regarding this disputed issue, the Commissioner contends that the evidence does not indicate that Dr. Puglisi was an examining physician. (See Jt Stip at 5, 7.) While it is true that plaintiff refers to Dr. Puglisi as an examining physician (see Jt Stip at 3, 5), the Court's review of the medical record evidences that Dr. Puglisi in fact was one of plaintiff's treating physicians at Morongo Basin Counseling & Recovery Center. (See AR 1145, 1146, 1147.) Consequently, even if Dr. Puglisi's opinion that plaintiff's mental impairment(s) or treatment would cause her to be absent from work three days or more per month in effect constituted an opinion on the ultimate issue of disability,[3] the treating physician rule still applied to it. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). Although the Commissioner has proffered reasons for why Dr. Puglisi's opinion on the absence from work issue did not need to be accepted (see Jt Stip at 7), the Court is unable to consider those reasons. See Connett

---

[2] The Court's findings and conclusions hereafter with respect to Disputed Issue No. 1 render it unnecessary to reach the two other disputed issues raised by plaintiff.

[3] To the extent that the Commissioner appears to be contending that the ALJ did not reject Dr. Puglisi's opinion because Dr. Malancharuvil's expert opinion, to which the ALJ gave great weight, expressly including Dr. Puglisi's opinion (see Jt Stip at 5, 7), the Court disagrees. It is clear from the Vocational Expert's testimony (see AR 1179) that the ALJ's ultimate finding and conclusion that plaintiff was not disabled cannot be reconciled with Dr. Puglisi's opinion on the absence from work issue.

v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Here, there is no indication in the hearing decision that the ALJ even considered Dr. Puglisi's opinion on the absence from work issue. The Court is mindful of Ninth Circuit authority holding that, "in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only discuss evidence that is significant and probative. See id.; see also Vincent v. Heckler 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had failed to mention letter from plaintiff's treating psychiatrist concluding that plaintiff was severely impaired). Here, however, it cannot be said that Dr. Puglisi's opinion on the absence from work issue was not probative of whether plaintiff's mental impairment was of disabling severity. In response to plaintiff's counsel's question, the Vocational Expert unequivocally testified that the absence from work three times a month would preclude full time work because it would constitute "excessive absenteeism." (See AR 1179.)

### Order

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where

3

remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[4]; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Pitzer v. Sullivan, 980 F.2d 502, 506 (9th Cir. 1990); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). Under the foregoing authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to improperly discredited opinions of a treating or examining physician.

Here, the Court has found that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of plaintiff's treating physician, Dr. Puglisi, on the absence from work issue. Further, it is clear from the Vocational Expert's testimony that, if Dr. Puglisi's opinion on the absence from work issue were credited, the ALJ would be required to find plaintiff disabled.

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

    The Court is mindful of Ninth Circuit authority suggesting that the "crediting as true rule" is not mandatory in the Ninth Circuit. See, e.g., Connett, 340 F.3d at 876. However, militating in favor of applying the "crediting as true" rule here is the fact that plaintiff now has been seeking benefits for nearly seven years. See Varney, 859 F.2d at 1398 (applying "crediting as true rule" where it already had been "well over five years" since the claimant initially applied for disability benefits); see also Vasquez v. Astrue, 572 F.3d 586, 593-94 (9th Cir. 2009) (applying "crediting as true rule" where, by the time the Circuit issued its decision, it already had been seven years since the filing of the claimant's benefits application). Also militating in favor of applying the "crediting as true rule" here is the fact that this is plaintiff's third federal court case and the Commissioner thus already has been afforded three opportunities to "get it right."

    The Court therefore has concluded that this is a case where remand for the payment of benefits is warranted.

    Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for the payment of benefits.

DATED: April 27, 2010

/s/ R. N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5